**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

DESHON AARON ATKINS,

Petitioner,

v.

W.L. MONTGOMERY,

Respondent.

Case No. 2:18-cv-06877-DOC-MAA

**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the other records on file herein, and the Report and Recommendation of the United States Magistrate Judge.

The Court also has reviewed Petitioner's objections to the Report and Recommendation, which the Court received and filed on June 29, 2020 ("Objections"). (Objs., ECF No. 26.) As required by Federal Rule of Civil Procedure 72(b)(3), the Court has engaged in de novo review of the portions of the Report and Recommendation to which Petitioner specifically has objected.

First, Petitioner argues that the Magistrate Judge overlooked his challenge to the state court's factual summary of the conviction. (Objs., at 2.) The Court of Appeal's factual summary, which was adopted by the Magistrate Judge,

summarized the evidence presented at trial. (*See* Report and Recommendation, ECF No. 25, at 4–5 (quoting Lodgment ("LD") 4, ECF No. 10-4, at 3–5).) Although Petitioner argues that Beasley was not present at the scene of the crime and that he presented this argument to the state courts, Petitioner has not challenged any specific portion of the Court of Appeal's factual summary. (*See* Objs., at 2; *see also* Petition, ECF No. 1.) Thus, he has not shown by clear and convincing evidence that any of the information contained in the Court of Appeal's factual summary is incorrect. *See* 28 U.S.C. § 2254(e)(1); *Hedlund v. Ryan*, 854 F.3d 557, 563 (9th Cir. 2017).

Second, Petitioner argues that his insufficient evidence claim has merit because attempted murder requires the specific intent to kill, "[i]t's impossible to have intentions to kill someone who is not present at the scene of the crime," and the evidence presented at trial did not prove that Beasley was present at the scene of the shooting. (Objs., at 3.) This argument lacks merit for the reasons stated in the Report and Recommendation. (Report and Recommendation, at 20–22.)

Third, Petitioner argues that the Court of Appeal and Magistrate Judge improperly assumed that any inconsistencies in the trial court's evidentiary rulings were harmless, and that an evidentiary hearing is warranted on this issue. (Objs., at 3–5.) This argument also fails for the reasons discussed in the Report and Recommendation. (Report and Recommendation, at 20–21.)

Fourth, Petitioner asserts that the prosecutor "presented unsubstantiated evidence of Beasley to the jury as facts, causing confusion and persuading the jury to a finding of guilt." (Objs., at 5.) Petitioner refers to the following statement: "I have an officer that will testify he went to the hospital, saw the injury to Mark Beasley on the same date and time." (*Id.* (quoting 6 RT 1825)). However, the prosecutor made this statement outside of the jury's presence, during a sidebar discussion between the trial court judge, the prosecutor, and defense counsel. (*See*

6 RT 1824 (noting that the proceedings occurred in the hallway outside the presence of the jury)). Thus, Petitioner's argument that this statement caused the jury confusion and led to the guilty verdict lacks merit.

In sum, the Court finds no defect of law, fact, or logic in the Report and Recommendation. The Court concurs with and accepts the findings, conclusions, and recommendations of the United States Magistrate Judge, and overrules the Objections.

IT THEREFORE IS ORDERED that (1) the Report and Recommendation of the Magistrate Judge is accepted; and (2) Judgment shall be entered denying the Petition and dismissing this action with prejudice.

DATED: August 26, 2020

David O. Carter

DAVID O. CARTER
UNITED STATES DISTRICT JUDGE